North *v.* Pepper.

the attorney, as required by the 23*d Rule.* Both attorneys ie-
sided in Buffalo. The plaintiffs' attorney kept the pleas over 20
days, and then entered the defendant's .default for not joining in
demurrer.

*D. Burwell,* for the motion.

*M. T. Reynolds,* contra.

---

North and another *vs.* Pepper.

Where, on demurrer to a declaration, judgment is rendered for the plaintiff, *with
leave to the defendant to amend* on payment of costs, the plaintiff will not be per-
mitted to enter judgment as of a previous term *nunc pro tunc,* although it be shown
that the defendant died during the term in which the cause was submitted; the suit
is abated, and the plaintiff must seek his remedy against the personal representa-
tives of the defendant. It is only where the judgment is *final,* that it is allowed
to be entered as of a term when the party was living.

Death of parties. The defendant demurred to the declara-
tion, and the plaintiffs joined in demurrer in 1838. In July
term, 1839, the cause was submitted to the court for decision,
and in October term following, judgment was rendered for the
plaintiffs on the demurrer, *with leave to the defendant to amend
on payment of costs.* In July term, but whether before or after
the cause was submitted for decision is left uncertain by the affi-
davits, the defendant died.

*A. Taber*, for the plaintiffs, now moves for leave to enter the judgment as for the first day of July term, when the defendant was alive, *nunc pro tunc.*

*I. Williams*, contra.

*By the Court*, BRONSON, J. The affidavits leave it doubtful whether the defendant died *after* the cause was submitted for decision. But independent of that consideration, I think the rule laid down in *Spalding* v. *Congdon*, 18 *Wendell*, 543, should not be applied to a case like this. It should be confined to cases where the judgment is *final*, as where a verdict has been rendered or a nonsuit ordered, which is confirmed by the court on a motion for a new trial; or where judgment is rendered on a special verdict, demurrer to evidence, or a writ of error. In such cases, if a party die while the cause is *sub judice*, the judgment may be entered as of a time anterior to his death. But, according to the present practice, judgment on demurrer is seldom final. The party usually has leave, as the defendant had in this case, to amend on terms. A party very often demurs where he has a good answer on the merits to the pleading which he deems objectionable, and if the demurrer is not frivolous, it is almost a matter of course to allow the party, whether plaintiff or defendant, to withdraw the demurrer and plead. In cases where we do not hold the judgment final if the party were alive, it would be extremely harsh to give it that operation in the event of his death. The suit has abated by the death of the defendant, and the plaintiffs must take their remedy against his personal representatives.

Motion denied.