·Prindle agt. Aldrich.

# SUPREME COURT.

## HORACE G. PRINDLE agt. GEORGE W. ALDRICH.

The prevailing doctrine of the courts, as to the *power of amendments* under the Code, seems to conform to the liberal views expressed on that subject in the early cases of *Brown* agt. *Babcock,* (3 *How. Pr. R.* 305,) and *Dows & Cary* agt. *Green,* (*id.* 390.)

That is, the Code has not repealed the statute of jeofails, and amendments as contained in the Revised Statutes, and the amendments allowed by the Code are to be considered only as further powers of amendments conferred upon the courts. [*The revisers in the fourth edition of the Revised Statutes,* (*p.* 670,) *seem to think that the Revised Statutes,* (2 *R. S.* 424, *Tit.* 5,) *in relation to this subject, is superseded by Chap.* 6, *Tit.* 6, *of the Code.*—REPORTER.]

In this case the plaintiff brought his action to recover an open account of $510, for divers goods, wares, &c., for the use of, and keeping of cows and horses, occupation of certain premises, &c., of which the plaintiff was assignee. The referee, to whom the cause was referred, found, as a fact, that the defendant had agreed to pay the plaintiff $100 in settlement of the account, and based his decision on that finding. The court, on appeal, reversed the judgment entered on the decision of the referee, on the ground that the case, as *proved,* was a departure from the case *alleged, in its entire scope and meaning.*

Prindle agt. Aldrich.

The plaintiff, on motion, was allowed to *amend his complaint,* by adding an allegation that the account set forth in his original complaint had been compromised between the parties, and that on such compromise the defendant agreed to pay the plaintiff $100 in full of the account.

This amendment was considered to change somewhat the cause of action; as much so as it would if the plaintiff were allowed to change a complaint for goods, wares and merchandise, sold and delivered to one upon a note given on settlement where there was a dispute in regard to the claim.

But the *terms* of the amendment imposed was, that the plaintiff pay all the defendants' costs of the action, including the costs of the motion for a new trial, and ten dollars costs of opposing this motion.

*Chenango Special Term, Nov.,* 1856.

THIS action was brought to recover on an open account of $510, of which the plaintiff was assignee. The cause was referred, and the referee reported for the plaintiff $100. He found, as a fact, that the defendant had agreed to pay the plaintiff $100 in settlement of the account, and based his decision on that finding. The defendant moved for a nonsuit, on the ground that the case, as proved, was a departure from the case alleged, in its entire scope and meaning, which motion the referee denied. The defendant appealed on this ground, and the judgment was reversed—costs to abide the event.

The plaintiff now moves to amend his complaint, by adding an allegation that the account set forth in his original complain[t] had been compromised between the parties, and that on such compromise the defendant agreed to pay the plaintiff $100 in full of the account.

H. G. PRINDLE, *in person, for the motion.*
W. & I. S. NEWTON, *for defendant.*

MASON, Justice. The amendment, which the plaintiff now asks to have made in his complaint, does certainly somewhat change the cause of action. It changes it as much so as it would if the plaintiff was allowed to change a complaint for goods, wares and merchandise, sold and delivered, to one upon a note given on settlement, where there was a dispute in regard to the claim.

The defendant claims and insists that such an amendment changed, substantially, the cause of action, which was not allowable under § 173 of the Code. I examined this question with some care at an early day, in the case of *Brown* agt. *Babcock*, (1 *C. R.* 66; 3 *How. Pr. R.* 305,) in which I came to the conclusion that the Code had not repealed the statute of jeofails, and amendments, as contained in the Revised Statutes, and the amendments allowed by the Code were to be considered only as further powers of amendments as conferred upon the courts.

In the case of *Spaulding* agt. *Spaulding*, (3 *How. Pr. R.* 297,) Justice SILL took a different view, and a much more restricted one, of the power of amendments under the Code, and one which perhaps would not allow the court to make the amendment in this case; and a similar view of the matter was taken by Justice BACON in *Egert* agt. *Wicker*, (10 *How. Pr. R.* 193.)

This restricted view of the power of amendments under the Code has not, however, been generally adopted by this court, or the court of appeals, as will be seen by reference to the cases of *Dows & Cary* agt. *Green*, (3 *How. Prac. R.* 388,) *Chapman* agt. *Webb & Raymond*, (6 *id.* 390,) *Field & Stone* agt. *Morse*, (8 *id.* 47,) *Furniss* agt. *Brown*, (8 *id.* 59,) *Beardsley* agt. *Stover*, (7 *id.* 294; 11 *id.* 168.)

The more liberal view of amendments, as taken by me in the early case of *Brown* agt. *Babcock*, and as maintained by Justice PARKER in *Dows & Cary* agt. *Green*, seems now to be the prevailing doctrine in our courts.

The courts have power to allow such amendments under our present Code.

The only question is as to the terms upon which this amendment should be allowed.

The complaint, as now framed, and upon which the plaintiff went to trial and now finds himself beaten—the claim as therein presented, was much broader than the one which the plaintiff now asks to set up. The defendant was obliged to put in his answer to that claim, and contest it upon the trial, or have judgment go against him by default.

He was beaten before the referee, and had to appeal to the court at the general term to get rid of the judgment. The plaintiff, finding himself beaten in the suit upon the claim as originally presented, or, to speak more accurately, upon his original claim, now asks to have the complaint amended, so that he may recover upon an alleged compromise of his claim by the defendant, and on agreement to pay $100 upon a disputed claim.

In the complaint as it stood at the time of trial, and as it now stands, the plaintiff claims that the defendant is indebted to him, the plaintiff, for divers goods, wares and merchandise sold, and for work and labor, and for the use of two cows for one year, and the keeping the same, and for keeping the defendant's horses one year, and for the use and occupation of certain premises; and also claims damages for a breach of contract in regard to letting cows to the plaintiff; and the plaintiff claims an indebtedness from the defendant to him of $500, and that he recover the same; and he now asks leave to abandon all this, after having litigated the case through a trial, and the case having gone upon appeal, and he having been beaten upon his claim as stated, and asks to confine his complaint to a claim of $100, founded upon an alleged agreement of the defendant to compromise the whole claims stated in the complaint at $100.

The terms imposed by this court, in the case of *Downer* agt. *Thompson*, (6 *Hill's Rep*. 377,) and by me in the case of *Carrier* agt. *Dillaye*, (3 *How. Prac. Rep*. 173,) and again in the case of *Brown* agt. *Babcock*, (3 *id*. 305, 307, 308,) are where the terms of amendments were fully considered.

In the case of *Downer* agt. *Thompson*, (6 *Hill, supra*,) Judge BRONSON allowed the declaration to be changed from trespass to trover after a trial, and the decision of the court for the correction of errors holding that trespass would not lie, on the payment of all the defendant's costs; and I allowed the declaration to be amended by changing the form of action from trespass to trover in the case of *Carrier* agt. *Dillaye*, on the same terms, after trial, and a case made and a new trial granted, on the ground that trespass would not lie. And the same terms

were imposed by Judge HARRIS in the case of the *Troy & Boston R. R. Co.* agt. *Tibbits*, (11 *How. Prac. R.* 168,) where he allowed the plaintiff to change, substantially, the grounds of action.

The same principle, of making the opposite party entirely whole by paying all the costs fixed by statute for the additional expense, which the amendment would render necessary, was held by Justice PARKER in *Hare* agt. *White*, (3 *How. Prac. Rep.* 297.)

These cases undoubtedly enforce a pretty rigid rule in regard to amendments, when the plaintiff has sought, in the first instance, to enforce the same claim, or recover the same demand or damages for the same injury, and the amendment of his complaint does not seek to change the amount of his claim, or its essential character, but only to make some additional averments which may be needed to entitle him to recover his claim, or where some essential changes may be required to authorize a recovery.

In the case of *Clarke* agt. *Crandall*, referred to on the argument, where my brother SHANKLAND allowed an amendment of the complaint, on the payment of $10 costs of opposing, neither the character or amount of the plaintiff's claim was, in any manner changed by the amendment; and in the case of *Judson* agt. *Gray*, also referred to on the argument, where I allowed an amendment of the plaintiff's complaint after trial, and the decision of the court of appeals on a bill of exceptions, on the payment of $10 costs of opposing the motion, and the payment of additional expenses to the defendants of putting in a new answer to the plaintiff's claim, as to its amount and character, remained essentially the same after the amendment as it did before; and I only allowed the additional averment of a single fact, which was held necessary to render the defendant liable, and which fact was in the perfect knowledge of the defendant when he put in his first answer, and which, therefore, would show that if the plaintiff was able to make good his additional averment by proof upon the trial that the defendant had set up an unjust defence to a just claim, and if the plaintiff should fail to make

Prindle agt. Aldrich.

his proof the defendant could not be prejudiced, for he would have his costs at the end of the litigation. Not so with the case under consideration. The plaintiff, after litigating a claim existing in an amount of $500, and claiming to recover that amount of the defendant, and after the defendant has made a successful defence to that claim in a sharp litigation, now asks to amend his complaint by abandoning his original claim, and limiting his claim to $100, based upon an alleged compromise of the very account which he sought to recover in the first instance, and an agreement of the defendant to pay $100 as an adjustment of a doubtful claim.

Now these amendments are to be allowed in furtherance of justice, and upon such terms as are just. (*Code*, § 173; *2 R. S.* 424, §§ 5 *and* 6; 3 *How. Pr. R.* 307.) The only just terms in such a case is to require the plaintiff to make the defendant whole, by requiring the plaintiff to pay all the legal taxable costs which he has put the defendant to by suing upon a claim to which defendant had a good defence, and he, the plaintiff, had no just right of recovery.

These terms must be imposed in the present case, and the amendment of the complaint which is sought by this motion is allowed upon the plaintiff's paying all the defendant's costs of the action, including the costs of the motion for a new trial, and $10 costs of opposing this motion.