SAMUEL C. BROWN, Appellant, *v.* CHARLES LEIGH, Respondent.

In actions brought to compel the determination of claims to real property under section 449 of the Code, the same rights to amendment of pleadings exist as in other actions authorized by the Code.

Under section 172 of the Code a plaintiff is authorized, within the time therein specified, to amend his complaint by setting forth a new cause of action. This right is not restricted to setting forth a cause of action of the same class as that contained in the original complaint, as classified by section 167. But while the plaintiff cannot add a cause of action belonging to a different class, retaining those set up in the original complaint, he may abandon the latter and include in the amended complaint one or more causes of action of a different class, subject only to the restrictions that they all belong to the same class and are warranted by the summons.

(Argued March 27th, 1872; decided April 2d, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order striking out the amended complaint.

The original complaint was to compel the determination of conflicting claims to real property. Within the time prescribed by section 172 of the Code, plaintiff served an amended complaint which set forth a cause of action in ejectment. This was stricken out on motion, upon the ground that the cause of action embraced therein was a new and different one from that set forth in the original.

*Ed. J. Maxwell,* for the appellant. The amendment was proper under section 172. (*Beardsley* v. *Stover,* 7 How., 294; *T. and B. R. R. Co.* v. *Tibbets,* 11 id., 168; *Bedford* v. *Terhune,* 30 N. Y., 454; *Robinson* v. *Wheeler,* 25 id., 232; *Byxton* v. *Wood,* 24 id., 607; 37 Barb., 270; Code R., N. S., 388; 1 Abb., 185; 13 How., 466.)

*P. V. R. Stanton,* for the respondent. A plaintiff cannot amend a complaint by substituting a new and different cause of action. (*Hollister* v. *Livingston,* 9 How. Pr., 140; *Dows* v. *Green,* 3 id., 377; *Woodruff* v. *Dickie,* 5 Robertson's R., 619; *Field* v. *Morse,* 8 How. Pr., 47; *McGrath* v. *Van Wyck,* 2 Sandf., 651; *Nosser v. Corwin,* 36 How. Pr., 540.) What the court would not allow, cannot be done as of course. (*Spaulding* v. *Spaulding,* 3 How., 300.)

GROVER, J. The order is appealable to this court. (Code, § 11, subd. 4.) Section 449 of the Code provides that an action may be brought to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, and that the same may be prosecuted without regard to the forms of the proceedings as prescribed by these statutes. It follows that the same rights of amendment exist in actions brought for this purpose as in other actions authorized by the Code. The question arising upon this appeal is whether, under section 172 of the Code, a plaintiff is authorized to amend his

complaint by setting forth a new cause of action, and if so, whether the right is restricted to setting forth one of the same class as that contained in the original complaint. That section provides that any pleading may once be amended by the party, of course, without costs, and without prejudice to the proceedings already had within the time therein specified. Although the construction of this section has been much discussed, it has not been determined by this court in respect to the questions involved in the present case, and the decisions by the other courts are somewhat conflicting. In some cases it has been held that the true construction was that this section gave only the right to amend and perfect what was previously set out in an imperfect manner. That setting up a new cause of action, or new defence, was in no proper sense an amendment, but substituting a new pleading. *Hollister* v. *Livingston* (9 How. Pr. Rep., 140); *Field* v. *Morse* (8 id., 47); *Dows* v. *Green* (3 id., 377) are cases of this class. In other cases (*Mason* v. *Whitely,* 4 Duer, 611; *Prindle* v. *Aldrich,* 13 How. Pr., 466; *Troy and Boston R. R. Co.* v. *Tibbits,* 11 id., 168, and others), it has been held that a new cause of action or defence might be set up. I think the construction adopted in the former cases too strict, and subversive of the true meaning of the section in this respect. That gives a party power to amend any pleading once without imposing any restriction upon it. The term pleading includes all the pleadings of both parties. The complaint is the statement of the plaintiff's cause or causes of action. It is this statement or complaint that may be amended and perfected by the party so as to enable him to present his entire case upon trial. It is not confined to an amendment of such matter as has been defectively stated in the original complaint. The same remarks apply to the answer. This is a statement of the defence and of any counter claim or claims. It is this statement that may be amended by the party so as to enable him to avail himself of all his defences upon trial. It follows that new causes of action may be included in the complaint and those in the original left out, and new defences or coun-

ter-claims embraced in the answer. That this was the inten-
tion of the Legislature clearly appears from the last clause of
section 173, by which the power of the court to grant amend-
ments upon the trial, by conforming the pleading to the facts
proved, is restricted to such amendments as do not change
substantially the claim or defence. The insertion of the
restriction shows that the Legislature, in its absence, under-
stood that such change might be made under the power
conferred. There is no such restriction in section 172, nor
upon the general power conferred upon the court to allow
amendments conferred by section 173. Were the power to
amend upon trial unrestricted, parties might be compelled to
litigate matters of which they had no notice, and for which
they were unprepared, and injustice thereby done, but there
is no such danger where the amendment is made before trial,
so that the adverse party may come fully prepared to meet.
It is insisted by the counsel for the respondent that although
under section 172 a new cause of action may be set forth in
the complaint, yet that this can only be done when such new
cause belongs to the same class as those contained in the
original complaint. Section 167 of the Code declares what
causes of action may be joined, and creates for this purpose
seven classes, and declares that all causes of action belonging
to any one of these may be joined. Section 144, Code, pro-
vides that where causes of action are improperly joined the
defendant may demur to the complaint. It follows that a
plaintiff cannot in an amended complaint add a cause of action
belonging to a different class from those in the original,
retaining the latter. This would render the amended com-
plaint demurable under section 144, as the amended complaint,
when properly served, is regarded as the complaint in the
action, the same as if the only one that had been served.
This explains the expressions in the opinions relied upon by
the counsel for the respondent, that the new cause of action
added must be of the same class. But when the causes of
action in the original complaint are abandoned this reason no
longer applies, it being requisite only that the causes of action

in the amended complaint should all belong to the same class. There is no other reason for restricting the causes that may be added. The causes of action in the amended complaint must, like those in the original, be warranted by the summons. If that demands a specific sum of money, they must all be of the class where such a summons was proper, otherwise they may be stricken out upon motion. My conclusion is, that when the right to amend the pleading is given by section 172, the party may make the same as advised, the same as he could the original. This leads to a reversal of the orders of the General and Special Term, and to a denial of the motion to strike out the amended complaint.

All concur.

Ordered accordingly.