By the Court.—Grover, J.
The order is appeal-able to this court (Code, § 11, subd. 4).
Section 449 of the Code provides, that an action may be brought to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, and that the same may be prosecuted without regard to the forms of the proceedings as prescribed by these statutes. It follows, that the same rights of amendment exist in actions brought for this purpose, as in other actions authorized by the Code.
The question arising upon this appeal is, whether, under section 173 of the Code, a plaintiff is authorized to amend his complaint by setting forth a new cause of action, and if so, whether the right is restricted to setting forth one of the same class as that contained in the original complaint. That section provides, that any pleading may once be amended by the party of course, without costs, and without prejudice to the proceedings already had within the time therein specified.
Although the construction of the section has been much discussed, it has not been determined by this court in respect to the questions involved in the present case, and the decisions by the other courts are somewhat conflicting. In some cases it has been held that the true construction was, that this section gave only the right to amend and perfect what was previously set out in an imperfect manner. That setting up a new cause of action or new defense, was in no proper sense an amendment, but substituting a new pleading. Hollister *198 v. Livingston (9 How. Pr., 140; Field v. Morse, 8 Id., 47; Diens v. Cary, 3 Id., 377), are all of this class. In other cases (Mason v. Whitley, 1 Abb. Pr., 85; S. C., 4 Duer, 611; Prindle v. Aldrich, 13 How. Pr., 466; Troy & Boston R. R. Co. v. Tibbits, 11 Id., 168), and others, it has been held that a new cause of action or defense might be set up.
I think the construction adopted in the former cases too strict, and subversive of the true meaning of the section, in this respect. That gives a party power to amend any pleading once, without imposing any restrictions upon it. The term pleading, includes all the pleadings of both parties. The complaint is the statement of the plaintiff’s cause or causes of action. It is this statement or complaint that may be amended and perfected by the party so as to enable him to present his entire case upon trial. It is not confined to an amendment of such matter as has been defectively stated in the original complaint. The same remarks apply to the answer. This is a statement of the defense and of any counter-claim pr claims. It is this statement that may be amended by the party so as to enable him to avail himself of all his defenses upon the trial.
It follows, that new causes of action may be included in the complaint, and those in the original left out, and^new defenses or counter-claims embraced in the answer. That this was the intention of the legislature, clearly appears from the last clause of section 173, by which the power of the court to grant amendments upon the trial by conforming the pleading to the facts proved or restricted to such amendments as do not change substantially the claim or defense. The insertion of the restriction shows that the legislature in its absence, understood that such change might be made under the power conferred. There is no such restriction in section 172, nor upon the general power con *199 ferred upon the court to allow amendments conferred by section 173.
Were the power to amend upon trial unrestricted, parties might be compelled to litigate matters of which they had no notice and for which they were unprepared, and injustice thereby done; but there is no such danger where the amendment is made before trial, so that the adverse party may come fully prepared to trial. •
It is insisted by the counsel for the respondent, that although, under section 172, a new cause of action may be set forth in the complaint, yet this can only be done when such new cause belongs to the same class as those contained in the original complaint. Section 167 of the Code declares what causes of action may be joined, and creates for this purpose seven classes, and declares that all causes of action belonging to any one of these, may be joined. Section 144 of the Code provides, that when causes of action are improperly joined, the defendant may demur to the complaint. It follows, that a plaintiff cannot, in an amended complaint, add a cause of action belonging,to a different class from those in the original, retaining the latter. This would make the amended complaint demurrable under section 144, as the amended complaint, when properly served, is regarded as the complaint in the action, the same as if it were the only one that had been served. This explains the expressions in the opinions relied upon by the counsel for the respondent, that the new cause of action added, must be of the same class. But when the causes of action in the original complaint are abandoned, this reason no longer applies, it being requisite only, that the causes of action in the amended complaint should all belong to the same class. There is no other reason for restricting the causes that may be added. The causes of action in the amended complaint must, like those in the original, be warranted by the summons. If that demands a specific *200 smn of money, they must all be of the class where such a summons was proper, otherwise they may be stricken out upon motion.
My conclusion is, that where the right to amend the pleading is given by section 172, the party may make the same, as advised, the same as he could the original.
This leads to a reversal of the order of the general and special term, and to a denial of the motion to strike out the amended complaint.