## N. Y. SUPERIOR COURT.

PETER ROBERTSON agt. JAMES GORDON BENNETT.

*Pleading — demurrer — answer — amendment.*

After the service of a demurrer any time before the expiration of twenty days, it may be substituted by an answer as an amendment.

*Special Term, January,* 1877.

*William W. Badger,* for plaintiff.

*John Townshend,* for defendant.

SPEIR, *J.*— Motion that the plaintiff's attorney accept an amended answer after the service upon him of a demurrer to the complaint, under section 172 of the Code. The action is for an alleged libel. The defendant served the plaintiff with a demurrer to the complaint. Eleven days after the service, the defendant served the plaintiff with an answer withdrawing his demurrer. The plaintiff returned the answer, claiming that he had noticed the case for argument on the demurrer. Defendant claims that the demurrer is a pleading, and that he had the right to amend any time before the expiration of twenty days. I am not aware that the practice in such a case has been the subject of any adjudication, and none has been furnished me. The right to amend is absolute. This court decided (*Mason* agt. *Whitley,* 4 *Duer,* 611) that a complaint might be amended, although the amendment amounted to a new and distinct cause of action that can properly be united in the complaint. And it has been broadly held that

the only limitation upon the right to amend or upon the nature of the amendments to be made is that it shall not be done for the purpose of delay, nor under such circumstances as to prevent a trial at a "term for which the cause is or may be noticed." These objections are not alleged to exist. No delay has been occasioned by the amendment. In the case of *Hollister* agt. *Livingston* (9 *How.*, 140), it was decided that the amendments under this section are restricted to the matters of the original pleadings. This decision has in later cases been overruled, and it has since been decided that the defendant may serve an amended answer containing an entire new and different defense from that contained in the original answer. It seems to me, adopting the later interpretations of the statute — that the plaintiff may amend by adding a new count or cause of action, and that the defendant may amend his answer, containing a new and different defense from that contained in the original answer — it must follow that the answer must be received as an amendment in the place of the demurrer. The defense in one case is that the complaint contains no cause of action, and in the other a denial of the allegations in the complaint. As the plaintiff put his case on the demurrer calendar, he must have costs of the motion.

Motion granted.