## N. Y. COMMON PLEAS.

### THE PEOPLE agt. WHITWELL.

*Amendment — Demurrer — Answer — right of defendant to amend demurrer by answer.*

A defendant who has demurred, but has not allowed his time to amend of course to pass, has a right to withdraw his demurrer and serve an answer instead, without leave of the court.

In such case the answer must be regarded as an amendment of the demurrer.

*Special Term, January,* 1882.

VAN HOESEN, *J.*— I have heard the case of *Robertson* agt. *Bennett* (1 *Abb. N. C.*, 476) very severely criticised by lawyers, and yet I think that the decision is right. It strikes every man, at first blush, that a substitute is a very different thing from an amendment. Every one familiar with legislative proceedings knows the settled distinction between an amendment to a bill and a substitute for a bill. An amendment is, in its original meaning, the removal of a spot or stain. In our use of the word an amendment is the correction of an error. In practice it makes very little difference whether an amendment may be made of course, or whether leave to make it shall first be obtained from the court. No one will question the power of the court to allow an answer to be substituted for a demurrer, and it would not seriously embarrass the courts if it should be found that the legislature has authorized a party to make such a substitution of his own free will, provided that he does so in good faith and within the time permitted for amendments of course. Long before the Code was ever thought of, amendments of course were allowed by the courts of this state as they were allowed in England. In *Tidd's Practice* (*page* 766) the law is thus stated: "After a demurrer the courts would not formerly have permitted an amendment to be made without the consent of the adverse party,

The People agt. Whitwell.

but of late years they have not observed this strictness, and it is much better for parties that they should not. Hence, it is now settled that after a demurrer, or joinder in demurrer, either party is at liberty to amend, as a matter of course, whilst the proceedings are in paper. Indeed, the very intent of requiring mistakes in form to be shown for cause of demurrer, was to give the party an opportunity of amending." In the state of New York the allowance of amendments, of course, was governed before the Code by Rule 23 of the supreme court. That rule was in the following words: " The plaintiff may, at any time before default for not replying shall be entered, if the plea shall be a special plea, or a plea in abatement, or within twenty days after service of a copy of the plea, if it shall be the general issue, amend his declaration. After plea either party may, before default for not answering shall be entered, amend the pleading to be answered; and where there shall be a demurrer to a declaration or other pleading, such pleading may be amended at any time before the default for not joining in demurrer shall be entered. The respective parties may amend under this rule of course, and without costs, but shall not be entitled so to amend more than once. The defendant shall not amend a plea under this rule, unless his attorney shall make and serve an affidavit that he verily believes the plea to be true in point of fact, and that it was pleaded in the belief that it contained a good answer to the action in form and substance."

In *Bleecker* agt. *Bellinger* (11 *Wend.*, 179) the defendant demurred to the declaration, and within twenty days thereafter entered a rule to amend of course, and served a plea, which the plaintiff moved to set aside. The court, in granting the motion, said that the rule permitted an amendment after plea, not after demurrer; and that the rule permitted an amendment only where a default may be entered for not answering, and that such a default could not be entered where a demurrer had been interposed, and consequently that the right to amend of course did not exist where a demurrer had been filed.

Now, the first comment to be made on that decision is, that it is pregnant with the implication that but for the phraseology of the rule the amendment would have been allowed to stand. The court evidently did not regard it as any objection that the original pleading was a demurrer, and that the proposed amendment was a plea. Had they so considered it, it would not have been necessary to found their decision on a strict construction of the rule rather than upon the broad ground that a plea was a pleading of an entirely different class from a demurrer requiring a different kind of trial, and that as it did not correct any errors in the demurrer, it could not properly be said to be an amendment. The language of the rule, and that alone, prevented the court from accepting the plea as an amendment of the demurrer. Under the Code we are not hampered by the narrowness of the provision respecting amendments. All pleadings stand upon a level. Why, then, should a party be worse off if he discovers that his demurrer is bad than he would on discovering the insufficiency of his complaint or his answer? There is scarcely a limit to the power of amending other pleadings (*See Brown* agt. *Leigh*, 49 *N. Y.*, 78). Why should the rule be more rigid respecting demurrers? A demurrer is only a pleading, and if the pleader admits it to be bad, why should he not be permitted to withdraw it exactly as he could withdraw any other pleading? If bad faith be discovered, the Code provides a remedy. The effect of an amendment is to withdraw from the case the pleading which is amended. The pleading which is amended at once retires and makes room for the perfected pleading. It may fairly be said that there can be no amendment without the withdrawal of a pleading. When a pleading has been withdrawn, it no longer incumbers the record or embarrasses the adverse party. If the withdrawal be within the time prescribed by the Code, certainly the adverse party ought not complain because he has got rid of a bad pleading in accordance with law, and without an argument.

The language of the Code is broad enough to sanction

changes in substance as well as changes in form, and there is no reason, not even a technical one, for holding that the Code does not allow an answer to take the place of a demurrer, without leave of the court, unless he violates some provision of law, a party acting in good faith may change his pleading to suit himself at any time within the twenty days that follow the service of his pleading (*Brown* agt. *Leigh*, 49 *N. Y.*, 78.)

The answer must stand, but as the question is comparatively new I will not allow costs against the plaintiff.