# ABBOTT'S NEW CASES.

## BETTS v. KRIDELL.

*N. Y. City Court, Special Term; December,* 1887.

1. *Amendment of pleading of course; service of answer in lieu of demurrer.*]
Under Code Civ. Pro. § 542,—allowing a party to amend his pleading
once, of course,—a defendant who has demurred to the complaint
may, in an action in the city court of New York, within six days
thereafter, serve an answer as an amended pleading.*

---

\* See note at the end of this case

In TRAVIS *v.* ALLPORT (*N. Y. City Court, Special Term; December,*
1887), it was held that a joint demurrer by two defendants was not super-
seded by the service of an answer by one of the defendants as an
amended pleading.

Motion for judgment on demurrer as frivolous.

The facts appear in the opinion.

McADAM, Ch. J.—The defendants interposed a joint demurrer. If
they had served a joint answer, or even separate answers by way of
amendment, the demurrer would have been superseded by the amend-
ment. But the defendants did not do this. One of the joint defend-
ants interposed an answer by way of amended pleading. This did
not supersede the joint demurrer, which is still of record; and the
separate answer by the one defendant was, under the circumstances,.
irregularly interposed, for it cannot operate either as a withdrawal or·
amendment of the joint demurrer.

The demurrer being frivolous, the plaintiff is entitled to judg-
ment.

2.   *Verification of answer by agent.*] A verification of an answer by an agent which states that "all the material allegations of the answer are within his personal knowledge," is sufficient, within Code Civ. Pro. §§ 525, 526, without assigning any reason why the verification is not made by the party.

Motion to strike out demurrer as frivolous and for judgment.

After service of a demurrer to the complaint, and prior to the hearing of plaintiff's motion to strike it out as frivolous, defendant served an answer as an amended pleading, within six days after service of the demurrer. The plaintiff returned the answer, upon the ground that the time to answer had expired and had not been extended, and that the verification was defective in not stating why it was not made by the party.

The defendant claimed the right to serve an answer in lieu of the demurrer, under Code Civ. Pro. § 542, providing: "Within twenty days after a pleading, or the answer or demurrer thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs, and without prejudice to the proceedings already had. . . . ."

The verification objected to was that the deponent "says that he is the agent of the defendant in this action; that the foregoing answer is true to the knowledge of the deponent, and that the reason that this verification is not made by the agent is that all the material allegations of said answer are within the personal knowledge of this deponent."

The provisions of Code Civ. Pro. § 525, are that "the verification must be made by the affidavit of the party," except, among other cases, "where all the material allegations of the pleading are within the personal knowledge of the agent or the attorney; in either case, the verification may be made by the agent of or the attorney for the party;" and the following section (526) provides that where the affidavit "is made by a person other than the

party, he must set forth, in the affidavit, the grounds of his belief, as to all matters not stated upon his knowledge, and the reason why it is not made by the party."

*Freeman & Green,* for the plaintiff.

*J. J. Adams,* for the defendant.

· McADAM, Ch. J.—This court decided in 1882 (Frank *v.* Bush, 2 *Civ. Pro. R.* (*Browne*) 250 ; S. C., 63 *How. Pr.* 282) that a defendant who has demurred to the complaint may serve an answer as an amended pleading. This practice was followed by the superior court (FREEDMAN, J., in Moffatt *v.* Henderson,* *N. Y. Daily Register,* March 2, 1883), and by the supreme court of this department at general term in 1885 (Carpenter *v.* Adams, 34 *Hun,* 429). An appeal was taken in this case to the court of appeals and argument was had on the merits. Instead of reversing the order for want of power, the appeal was dismissed (98 *N. Y.* 668). The common pleas announced similar practice (People *v.* Whitwell, 62 *How. Pr.* 383) ; and in this way all the courts of record in this county became committed to the principle as a rule of practice. The recent case of Smith *v.* Laird (44 *Hun,* 530), decided by the supreme court of this department, overturns the practice thus established, and the question is whether this court is to embrace the new departure or adhere to established precedent. Until further instructed, it is deemed safer to adhere to the old rule until the new one is generally recognized by the court, or until it has been approved by the courts of appeals. It follows from this, that the defendant has been regular in his practice.

* In this case (Moffatt *v.* Henderson) a motion to strike the cause from the special term calendar, where it had been placed for trial of a demurrer, was granted (without costs) upon the authority of Frank *v.* Bush, 63 *How. Pr.* 282; and Robertson *v.* Bennett, 1 *Abb. N. C.* 476, holding a demurrer superseded by an answer served as an amended pleading.

No opinion was written.

The verification is correct. The agent swears that "all the material allegations of the answer are within his personal knowledge;" and this is sufficient, without assigning any reason why the verification is not made by the party. (*Code Civ. Pro.* § 525, subd. 3).

The form adopted is that approved by Abbott in his book of Forms, (Supp. of 1881) p. 150, Form 217.

The motion as to the superseded demurrer abates, and the plaintiff must accept the amended pleading. No costs.

## NOTE ON WITHDRAWAL AND SUBSTITUTION OF PLEADINGS.

The growing practice of serving a demurrer in the first instance irrespective of the merits of the complaint, only to amend by substituting an answer, thus securing a period of at least forty days instead of twenty, before issue, has led to a reconsideration of the former rulings permitting this mode of amendment.

In Robertson *v.* Bennett (1 *Abb. N. C.* 476), it was held that such substitution is within the statutory power to amend of course. And to the same effect is the opinion delivered by the former presiding justice in the First Department in Carpenter *v.* Adams, 34 *Hun*, 429.

It has, on the other hand, recently been held also in the first department that the right to amend of course is a right to amend "the pleading" already served, and does not sanction the service of an original of a different class. Smith *v.* Laird, 44 *Hun*, 530.

It is very likely that both these cases were justly decided, and each decided in a manner within the power of the court. But the opinions delivered are directly opposed on the point in question, and the later opinion does not notice the earlier case.

It may well be that the later opinion states the more wholesome rule; yet whether it overrules the former will be a matter of contention.

In the former case (Carpenter *v.* Adams), Mr. Justice LAWRENCE, at special term at chambers, had denied a motion for judgment on such a demurrer as frivolous, "on the ground

[as expressed in his order] that the demurrer has been regu-. larly withdrawn and the answer regularly served instead." On appeal, the order was affirmed, and the order of affirmance also expressed that the order appealed from had been made on the ground that the demurrer had been amended before the hearing. The brief of the appellant in the court of appeals presented the question fully, reviewing the special term cases; and the respondent's brief claimed, 1, that the order was not appealable; 2, that the denial was right on the ground stated in the order; and 3, that if otherwise, the plaintiff (appellant), by also moving for judgment on the answer as frivolous, had cut himself off from objecting to the substitution of the answer for the demurrer.

The court of appeals dismissed the appeal; all the judges concurring; but no opinion was rendered. 98 *N. Y.* 668.

Had the court of appeals affirmed the order, the right to substitute would have been clearly established. Dismissing the appeal may perhaps be understood as indicating that the order below was discretionary.

Assuming, for the present purpose, that the question in the supreme court is yet open, there is another view of the subject, aside from the question of right to amend, which at once diminishes the embarrassment resulting from the doubt, and points to the proper practice.

If the right be maintained, nevertheless the court have power to strike out the amended pleading if put in for the purpose of delay, and if the adverse party would lose the benefit of a term thereby, for which the cause is or might be noticed; or may restore the original pleading and impose terms. *Code Civ. Pro.* § 542. There can be no question but that, where a demurrer is put in for delay and followed by a good answer served by way of amendment, the amendment made must be deemed made for the purpose of delay, within the meaning of the statute. On the other hand, if the demurrer was not frivolous, and was not put in for delay, the substitution of an issue of fact should be favored by the court. Hence, even if the right exists, it is subject to the power of the court to disallow it in every case in which leave to make such substitution would not be granted almost of course. And, more-

over, a motion to strike out the substituted pleading may be founded both on the ground that it is irregular and also on the ground that it was a device for delay.

On the other hand, if the right be held not to exist, the power of the court to allow such a substitution after the time to plead has expired, is clear; and the practice would allow it almost as a matter of course in the absence of anything to indicate bad faith. And a motion to strike out the substituted pleading as irregular may be met by granting leave to have it stand as an amendment by permission of the court; if the opposing affidavits show good faith and a case for amendment.

The question, if it be an open one, is thus reduced to a question of the burden of proof as to good faith or desire for delay, and a question of terms.

The usual course, therefore, for one who has thus served an answer and has to face a motion to set it aside, is to give counter-notice (1 *Abb. New Pr.* 166),—or take an order to show cause returnable at the same time,—asking that if the answer be held unauthorized or too late by way of amendment of course, it may be allowed to stand as an amendment by leave of court, and to support this counter-motion by affidavits showing good faith in serving and withdrawing the useless demurrer.

The settlement of the above question in either way, however, is not inconsistent with the principle that a party has generally a right to withdraw any pleading (other than a complaint or counter-claim) without prejudice to the adversary's right to costs thereon, and without prejudice to its remaining on the files, and its use against him as evidence; and consequently that one who has demurred may, before the time to answer or demur has elapsed, give notice that he withdraws the demurrer, and serve an answer instead.

*Notes of Cases.*—Other cases bearing upon this point of practice are stated below.

Robertson *v.* Bennett, 1 *Abb. N. C.* 476 (*N. Y. Super. Ct. Sp. T.*, SPEIR, J.). The statutory right, given by Code Civ. Pro. § 172, to amend any pleading once of course, includes the right to withdraw a demurrer and serve an answer instead thereof; but where the plaintiff has noticed the demurrer for hearing, defendant may be charged with costs of motion to compel him to receive the answer.

Note on Withdrawal and Substitution of Pleadings.

People *v.* Whitwell, 62 *How. Pr.* 383 (*N. Y. Com. Pl. Sp. T.*, VAN HOESEN, J.). A defendant who has demurred has a right, within the time allowed for amendments of course, to withdraw his demurrer and serve an answer instead, without leave of court. The judge said: "I have heard the case of Roberston *v.* Bennett (1 *Abb. N. C.* 476), very severely criticised by lawyers, and yet I think that the decision is right. It strikes every man, at first blush, that a substitute is a very different thing from an amendment. Every one familiar with legislative proceedings knows the settled distinction between an amendment to a bill and a substitute for a bill. An amendment is, in its original meaning, the removal of a spot or stain. In our use of the word, an amendment is the correction of an error. In practice, it makes very little difference whether an amendment may be made of course, or whether leave to make it shall first be obtained from the court. No one will question the power of the court to allow an answer to be substituted for a demurrer; and it would not seriously embarrass the courts if it should be found that the legislature has authorized a party to make such a substitution of his own free will, provided that he does so in good faith and within the time permitted for amendments of course."

O'Donnell *v* Quinn, *N. Y. Daily Reg.*, April 22, 1881 (*Marine Ct. Chamb.*, NEHRBAS, J.). Where, after notice of motion for judgment on a demurrer as frivolous, and within six days after service of the demurrer, the defendant serves an answer withdrawing it, plaintiff is not entitled to costs upon denial of the motion.

The full opinion in this case was as follows: "I am of opinion that under section 542 of the Code of Civil Procedure, the defendant, having demurred to plaintiff's complaint, may within six days thereafter serve an answer withdrawing the demurrer, or serve it as an amended pleading (see Robertson *v.* Bennett, 1 *Abb. N. C.* 476; Musgrave *v.* Webster, 53 *How. Pr.* 367). The plaintiff, having moved for judgment before defendant's time to amend expired, is, therefore, not entitled to costs (see Ostrander *v.* Conkey, 20 *Hun*, 421; Branagan *v.* Palmer, 5 *Weekly Dig.* 521). Motion for judgment on demurrer must, therefore, be denied, without costs."

Frank *v.*Bush,2 *Civ. Pro. R.*(*Browne*) 250 (*Marine Ct. Sp. T.*,McADAM, J.). After the service of a notice of motion to strike out a demurrer to the complaint as frivolous, and within six days after service of the demurrer, the defendant served an answer as an amended pleading. Upon motion to set aside an order striking out the demurrer taken upon the defendant's default at the return-day,—*Held*, that the demurrer was superseded by the answer and abated the motion to strike it out, and that the order should, therefore, be set aside, but without costs.

Note on Withdrawal and Substitution of Pleadings.

Howard *v.* Michigan Southern R. R. Co., 5 *How. Pr.* 206 (*Supm. Ct. Erie Sp. T.,* SILL, J.). Defendant served on one paper an answer, followed by a demurrer to the entire complaint. Plaintiff replied to the answer, and noticed the demurrer for argument; whereupon, within twenty days from the service of the reply, defendant served as an amended answer an exact copy of the original, with the demurrer omitted. No reply to the latter having been put in, the defendant moved for judgment on the pleadings. *Held,* under Code Civ. Pro. § 172, that the answer had not been amended at all, as it was to be deemed a distinct pleading from the demurrer, though on the same paper. Whether the demurrer was superseded, *query?*

Branagan *v.* Palmer, 5 *Weekly Dig.* 521 (*N. Y. Com. Pl. Sp. T.,* 1878, J. F. DALY, J.). Plaintiff having demurred to a counter-claim, defendant within twenty days served an amended answer, the amendment consisting of leaving out the counter-claim. *Held,* proper as an amendment of course under Code Civ. Pro. § 542, and that plaintiff could not claim costs as upon the discontinuance of an action for the subject matter of the counter-claim. The right of plaintiff to costs upon a demurrer to an answer is subject to defendant's right to amend without costs.

Melvin *v.* Wood, 3 *Abb. Ct. App. Dec.* 272. A bill of particulars annexed to the complaint forms part of it, and is amendable accordingly. *So held,* sustaining an amendment by a referee upon the trial of the issues by allowing a new bill of particulars to be substituted for that annexed to the complaint.

George *v.* McAvoy, 6 *How. Pr.* 200, (*Supm. Ct. Onondaga Sp. T.,* PRATT, J.). Plaintiff having served an unverified complaint to which an unverified answer had been served,—*Held,* granting a motion to set aside judgment taken for want of an answer, that he could not amend his complaint of course by merely adding a verification, as that was no part of the complaint.

Bishop *v.* Sullivan, 3 *Month. L. Bul.* 7 (*Supm. Ct. First Dist. Sp. T.,* LAWRENCE, J.). The verification of a complaint was omitted by an oversight from the copy served. Within twenty days after receipt of an unverified answer, plaintiff served as an amended complaint a new copy, with the verification added. *Held,* on motion for judgment for failure to answer, that this was not an amendment, of course, within Code Civ. Pro. § 542.

Brown *v.* Leigh, 49 *N. Y.* 78. Upon sustaining the right of a plaintiff under Code Civ. Pro. § 172, to amend his complaint of course by setting forth a new cause of action of a different class from that stated in the original complaint, the court say: "Although the construction of this section has been much discussed, it has not been determined by this court in respect to the questions involved in the

present case, and the decisions by the other courts are somewhat conflicting. In some cases, it has been held that the true construction was that this section gave only the right to amend and perfect what was previously set out in an imperfect manner ; that setting up a new cause of action, or new defense, was in no proper sense an amendment, but substituting a new pleading. Hollister *v.* Livingston, 9 *How. Pr.* 140 ; Field *v.* Morse, 8 *Id.* 47 ; Dows *v.* Green, 3 *Id.* 377 ; are cases of this class. In other cases, Mason *v.* Whitely, 4 *Duer,* 611 ; Prindle *v.* Aldrich, 13 *How. Pr.* 466 ; Troy & Boston R. R. Co. *v.* Tibbits, 11 *Id.* 168, and others, it has been held that a new cause of action or defense might be set up. I think the construction adopted in the former cases too strict, and subversive of the true meaning of the section in this respect. That gives a party power to amend any pleading once without imposing any restriction upon it. The term " pleading " includes all the pleadings of both parties. The complaint is the statement of the plaintiff's cause or causes of action. It is this statement or complaint that may be amended and perfected by the party so as to enable him to present his entire case upon trial. It is not confined to an amendment of such matter as has been defectively stated in the original complaint. The same remarks apply to the answer. This is a statement of the defense and of any counter-claim or claims. It is this statement that may be amended by the party so as to enable him to avail himself of all his defenses upon trial. It follows that new causes of action may be included in the complaint and those in the original left out, and new defenses or counter-claims embraced in the answer."

Diamond *v.* Williamsburgh Ins. Co., 4 *Daly,* 494 (*N. Y. Com. Pl. Sp. T.,* DALY, Ch. J.). It is not indispensable that there should be something to amend by, for an amendment is not solely the correction of an error in a pleading already before the court, but may consist in the withdrawal of it, and the substitution of a new and different defense. *So held,* sustaining the power of the court to allow a defendant to amend his answer by setting up a new and additional defense.

Aymar *v.* Chase, 1 *Code R. N. S.* 141 (*Supm. Ct. Sp. T.*). Where defendant's answer was struck out as sham and judgment entered, —*Held,* that it could not be vacated upon the ground of its entry before the time for amending the answer of course had expired, as there was no answer in the case to be amended after the order had been made striking it out, and, consequently, no right to amend under the Code.