NATHAN WISE AND JULIUS G. MILLER, RESPONDENTS, *v.* WILLIAM J. GESSNER AND JOSEPHINE GESSNER, APPELLANTS.

*Demurrer — it cannot be amended by serving an answer.*

A demurrer cannot be amended by serving an answer.

*Smith* v. *Laird* (44 Hun, 530) followed; *Robertson* v. *Bennett* (1 Abb. N. C., 476); *Carpenter* v. *Adams* (34 Hun, 429) distinguished.

APPEAL from a judgment entered upon an order made at a Special Term, directing judgment against the defendants upon their demurrer as frivolous.

*S. T. Freeman,* for the appellants.

*S. W. Weiss,* for the respondents.

PER CURIAM:

The defendants in this action served a demurrer on the 15th of August, 1887, the last day to answer or demur. On the twentieth

of August the defendant served a verified answer, as an amended pleading in place of their demurrer. This answer the plaintiff's attorney returned, on the ground that the defendant could not thus amend their demurrer ; and on the twenty-second of August the plaintiffs made their motion for judgment, which the court granted, holding the demurrer to be frivolous and that a demurrer could not be amended by an answer.

In the case of *Smith* v. *Laird* (44 Hun, 530) this court decided that a demurrer could not be amended by serving an answer. Various cases were referred to in that decision which had been cited as authorities to the contrary of the proposition. These cases were shown not to be authorities upon the point in question. Among others referred to was the case of *Robertson* v. *Bennett* (1 Abb. N. C., 476), in which it was stated that the question did not arise because the amended pleading had been received without objection. To have been strictly correct, the language should have been that the amended pleading had been received without raising this objection, the objection raised being that it could not be served after notice of argument of the demurrer. Therefore, even in the case of *Robertson* v. *Bennett,* the question was not properly before the court. We, however, overlooked the decision in the case of *Carpenter* v. *Adams* (34 Hun, 429), in which this court appears to decide that a demurrer may be amended by an answer. But that case seems to have been disposed of without reference to the particular language of the Code, which appears to be conclusive upon this point.

Upon an examination of the record in this case cited, it appears that the answer was not served as an amended pleading, but as a substituted pleading and that the court denied two motions made upon different grounds to strike out the answer so served and that the appeal heard at the General Term was from these two orders. The question, therefore, as to the service of an answer as an amendment to a demurrer, was not properly before the court. Such must have been the opinion of the Court of Appeals because an appeal having been taken to that court from the judgment of the General Term, the appeal was dismissed evidently upon the ground that in allowing the answer to stand, the justice at Special Term was simply exercising his discretion and that no substantial right was

involved, which would not have been the case had the court been of opinion that the question of the service of the answer as matter of right was involved. (*Carpenter* v. *Adams*, 98 N. Y., 668.)

The only difficulty in determining that the demurrer in this case was frivolous, is the length of the points of the counsel for the respondents, because if the pleading is not defective upon inspection and it requires examination and argument to establish that fact, a demurrer cannot be held to be frivolous.

The allegation, however, in the complaint, which is the subject of the demurrer, is complete and perfect in itself and its form is expressly recognized by section 524 of the Code of Civil Procedure.

The judgment appealed from should, therefore, be affirmed with costs.

Present — VAN BRUNT, P. J. ; BRADY and DANIELS, JJ.

Judgment affirmed, with costs.