WILLIAM H. McDANIEL et al., Appellants, v. JAMES H. LEE et al., Respondents.

1. *Securities—Judgment.*—One of several securities against whom judgment has been recovered, cannot, upon paying the debt to the creditor, take an assignment of the judgment to himself and enforce payment thereof by execution against the property of his co-sureties.

2. *Equity—Jurisdiction.*—Where a court of equity acquires jurisdiction of the subject matter, it will proceed to do complete justice between the parties.

*Appeal from Christian Circuit Court.*

*E. B. Ewing*, for appellants.

This is a proceeding by a surety, who claims to have paid the judgment, to enforce contribution from a co-surety, through an execution issued on that judgment in favor of the creditor. The answer (joint answer of all the defendants) admits that Cummins, one of the three sureties, is the assignee of the judgment, and that the amount thereof is justly due him. And it was upon this ground that he asked to be made a party defendant, and the order was made. Upon this theory the case proceeded; and the execution was enjoined as to the amount which Cummins had proved against Felton's estate—Felton being a co-surety.

Such a proceeding by a surety against a co-surety is unprecedented. Cummins after paying the judgment had a summary remedy by motion for judgment for any excess paid by him, (R. C. 1855, p. 1456,) or a remedy by *action at law*, or by bill in equity. (Pittman, Prin. & Sur. 147, 154–6.) The former is only adapted to a case which is simple and uncomplicated. For when there are several sureties, separate actions must be brought against each individual by the one who has paid the debt, to which they ought all to contribute. (*Id.*) Either an action of *assumpsit* or proceeding by bill in equity is the remedy to enforce contribution (2 Bouv. Inst. 79–81); and under our code a civil action, which would be a proceeding at law, or in the nature of a bill in equity, according to the nature of the case.

The impropriety of such a proceeding (as that in the case at bar) to enforce contribution, is further shown by the attempt of the Circuit Court to adjust the equitable right of these co-sureties as to certain property said to have been received by Bray from the principal debtor. (Paulin v. Kæghn, 3 Dutch. 511–12.)

The proceeding was irregular and improper throughout. The case should have been heard and tried as a chancery proceeding; but instead it was submitted to the court sitting as a jury, and determined upon declarations of law.

LOVELACE, Judge, delivered the opinion of the court.

This is a petition in the nature of a bill in equity to restrain a judgment at law. The petition states that the plaintiff, C. D. Bray, is a defendant in a cause in this (the Circuit Court of Christian county, Mo.) court, entitled "James H. Lee v. N. H. Tyre, Vincent Cummins, and C. D. Bray," in which cause a judgment was rendered at the September term, 1862, for $903.68 debt, and $192.66 damages; that an execution issued on said judgment, dated on the 28th of March, 1865, and was delivered to said sheriff, and is now in the hands of said sheriff, to satisfy which the sheriff has levied upon certain real estate as the property of said C. D. Bray. The petition further alleges that the judgment upon which said execution issued has been fully paid to said James H. Lee, the plaintiff in said judgment. The petition then goes on to state that McDaniel is the legal owner of the real estate levied on; and prays for an injunction against the defendant's proceeding further on said judgment and execution. A temporary injunction was granted, returnable to the September term of the Circuit Court, 1865; at which time Vincent Cummins came into court and asked to be made a party defendant, which was granted. And the defendants then filed their answer, which denied that the judgment or any part thereof had been satisfied by said defendants, or any person for them; but that the same remained wholly unsatisfied and justly due to the said Vincent Cummins, as as-

14—VOL. XXXVII.

signee of said plaintiff James H. Lee; and asked that the temporary injunction be dissolved, and that they be permitted to proceed with the collection of the execution.

There was a motion made to strike out the answer of the defendants—was overruled by the court, and the cause proceeded to trial.

The evidence showed that Cummins, who was a defendant in the judgment, had satisfied the claim of Lee the plaintiff, and had procured an assignment to be made to him of the judgment; that he had had an allowance made in the county court against the estate of one of his co-defendants, who had died, of a proportional part of said payment, and was now seeking to collect his claim from his co-defendant Bray, who was his co-security on the note which was the foundation of the judgment.

On this state of facts the court below enjoined as much of the execution as had been allowed against the estate of the deceased security, and disallowed the injunction as to the balance of the execution.

The only question presented by the brief of appellant is whether a security, after a judgment is had against him with his co-securities, can pay off that judgment, and be substituted to all the rights of the plaintiff in the judgment. Prior to our statutes, a security who had paid the debt had a remedy against his co-security either by bill in equity, to force them to make contribution; or he might proceed against each separately, at law, for his proportion of the amount paid. (Pittman's Prin. & Sec. 154.) Our statutes also give greater facilities for obtaining judgment against their co-securities than existed at common law. (R. C. 1855, p. 1456, § 7.) But neither at common law nor under the statutes can a security, by simply paying the debt after judgment, without any other proceedings, be substituted to the rights of the plaintiff in the judgment, and entitled to an execution thereon. There are frequently equities subsisting between the securities that must be adjusted before an execution will be awarded in favor of one security against another.

But in the present case the defendant Cummins claimed an assignment of the judgment to himself, and the Circuit Court so found. As to what his legal rights were as assignee, it is unnecessary here to discuss. His co-defendants have sought relief here in a court of equity, and we think that court fully competent to do ample justice in the premises. It is a well settled principle in courts of equity, that when they once acquire jurisdiction over the subject matter, they will retain it until full justice has been done between the parties. When a party is forced to come to them for relief, they will not grant a part of his remedy, and drive him to a court of law for the balance; but they will retain jurisdiction of the cause until full and ample justice has been done.

Applying these principles, then, to the case at bar, it was plainly the duty of the Circuit Court to adjust all the equities between the parties, and make the injunction perpetual as to all except that portion which ought to be paid by Bray; and to dissolve the temporary injunction, as to that portion, and order the sheriff to proceed to collect it.

The case was very irregularly tried; but it does not seem to have been conducted upon this idea; and in order that the decree may be readjusted according to the views herein expressed, the judgment will be reversed and the cause remanded. The other judges concur.