Chollar et al. v. Temple et al.

CHOLLAR ET AL. V. TEMPLE ET AL.

1. MARRIED WOMAN: *Note of, void.*

A married woman may bind her own separate estate for its benefit or protection, or for her own peculiar benefit, or by conveyance with the required formalities, and give a remedy *in rem* as to that; but she has no general capacity to bind herself personally for her husband's debts; and a promissory note executed by him and her is, as to her, void.

2. MORTGAGE: *Lien not enforceable at law.*

The lien of a mortgage is not available in an action at law on the debt, but only by procedure in equity; and if the creditor proceeds at law on the debt, he must rest upon the contract as distinct from the right *in rem.*

3. MARRIED WOMAN: *Default judgment against, good.*

A judgment by default against a married woman upon a note executed by her and her husband is neither void nor erroneous, but may be enforced against her separate property as if she were sole.

4. INTEREST: *Excessive in judgment: How remedied.*

A judgment bearing the conventional interest of the note, above ten per cent., is erroneous but not invalid, and can be avoided only by appeal or by bill in chancery for fraud or mistake. It can not be impeached collaterally.

5. SURETY: *Giving mortgage for the debt: Status as to co-surety: Contribution.*

One of several sureties, by giving a mortgage for the debt, does not thereby abandon his rights as a co-surety; but, upon payment of the debt by the other surety, is liable, in equity, only to contribution, and not, in law or equity, to the payment of the whole debt. Contribution at law is impracticable.

Chollar et al. v. Temple et al.

APPEAL from *Sebastian* Circuit Court.

Hon. JAMES BRIZZOLARI, Circuit Judge.

*Du Val & Cravens*, for appellant:

1. The judgment should only have borne interest at six per cent.

2. The note was void. A married woman can not execute a valid note except in course of trade, etc. A note to charge her separate estate must show the consideration. *Nelson v. Miller, 52 Miss., 410; Dobbins v. Hubbard, 17 Ark., 189; 20 Ark., 619; 19 Ark., 257; Phipps v. Sedgwick, 95 U. S. (S. C.), 3; Trust Co. v. Sedgwick, 97 U. S. (S. C.), 304.* The enforcement of her contract is in the nature of a proceeding *in rem*, and no judgment should be rendered. *Mallett v. Parham, 52 Miss., 921.* She has no power to borrow money. *Netterville v. Beaver, 52 Miss., 160.*

3. A judgment against a married woman is void, unless it appear of record that the creditor brings his case within the statute. *Griffin v. Rosses et al., 52 Miss., 78; Griffin v. Clark, 18 Mo., 457; Higgen v. Pettsger, 49 Mo., 152; Caldwell v. Walters, 18 Penn., 383; Moore v. Tappan, 3 Gray, 477; Donauer v. Scott, 3 Wharton, 309; Graham v. Long, 65 Pa.; Watkins v. Albanes, 24 N. Y., 72; Haney v. Edington, 25 Miss., 23; Steadham v. Holman, 33 Miss., 551; Swayne v. Lyon, 67 Penn. St., 439.*

4. Appellee waived his mortgage lien by his suing at law. He could only enforce it in equity. *Applegate v. Mason, 13 Ind., 75; 2 Jones on Mort., sec. 1229; Crocker v. Frazier, 52 Me., 131; Porter v. King, 1 Greenleaf (Me.), 297.*

*U. M. & G. B. Rose*, also for appellant:

A married woman may make contracts in reference to her separate estate, by *Gantt's Digest, secs. 4194, 4487*; other-

wise her disability remains as at common law.   The note
was void.   The judgment a nullity.   *Connor v. Abbott,
35 Ark., 365; Collins v. Underwood, 33 Ark., 265.*   See, also,
*29 Ark., 346; 33 ib., 640; 32 ib., 776; 30 ib., 727; 17 ib., 189.*

The judgment is usurious and void.   *Badgett v. Jordan,
32 Ark., 154; Miller v. Kempner, ib., 573; 27 ib., 20.*

The purchase by Rogers under the *ven. ex.* was void.
His remedy was by *section 5703 Gantt's Digest.*   One de-
fendant can not pay a judgment and then enforce it by exe-
cution against his co-defendant.   A surety against whom
judgment has been rendered together with his principal,
and who has paid that judgment, can not sue out
execution thereon against his principal.   *Morrison v.
Marion, 6 Ala., 797; Preslar v.   Stallworth, 37 Ala.,
402; Saval v. Rowley, 17 Ind., 36; McKee v. Ammon-
ett, 6 La. Ann., 207; Dinkins v. Bailey, 23 Miss., 284;
Briely v. Sugg, 1 Dev. & Batt. Eq., 366; Ont. Bk. v. Walker,
1 Hill, 652; Elam v. Rawson, 21 Ga., 139.*

### STATEMENT.

EAKIN, J.   On the seventh day of September, 1870,
appellant Margaret A. Chollar, being covert, and owning,
in fee simple, a large quantity of real estate, which had
come to her by devise, jointly with other heirs of her
father, and by deed of partition had been settled with her
husband's consent to her sole and separate use, joined with
her husband and Wm. H. Rogers, in executing to appellee,
Newton J. Temple, a note for $1,000 at twelve months,
with interest at the rate of fifteen per cent. per annum,
from date till paid.   The note was for money loaned by
Temple to her husband, John J. Chollar, none of it being
for the benefit of Rogers, or herself, save as she might be in-
cidentally benefited by the facilities which it would afford
her husband in the discharge of his obligation to maintain
her in a style suitable to her condition in life.   To secure the

payment of this note, Chollar and wife, on the same day, executed to Temple a mortgage of a portion of her lands. A few days afterwards they conveyed all, or a greater part, of her real estate, including that in the mortgage, to a trustee to be sold, providing that the proceeds should be paid to her sole and separate use.

After maturity of the note Temple sued the parties at law, and, after due service, recovered judgment by default against each and all of them, for the amount of the note with the specified interest up to the date of the judgment, which was itself to bear the same interest afterwards. This was on the thirteenth of March, 1876. An execution issued, and was levied upon the lands of Mrs. Chollar, as well those in the mortgage, as the others.

On the ninth of March, 1877, Mrs. Chollar and her trustee filed this bill against Temple, making the Sheriff, her husband and the co-surety, all defendants. Its object was to enjoin the sale of the lands, upon the assumed grounds, that the judgment against her was void on account of her coverture, and that no execution upon it could run against her separate property. An injunction was ordered, but never issued by the clerk, for want of the required bond. The sale, however, had been in fact suspended by the Sheriff, who made his return accordingly. The mortgage was first introduced into the case by defendant Temple, in opposition to the injunction.

Afterwards, by supplemental and amended complaint, it was shown that the co-surety, Rogers, pending the suit, had satisfied the debt, taken an assignment of the judgment and mortgage, obtained a writ of *venditioni exponas*, had the lands sold, and bought them in. The prayers of the original bill were repeated, with the additional prayer that the sale be vacated. Upon the hearing, the Chancellor refused any relief, and complainants now appeal.

16

Chollar et al. v. Temple et al.

OPINION.

**1. MARRIED WOMAN: Note of, void.**   The original note, as to Mrs. Chollar, was absolutely void. She might have bound her separate estate, for its benefit or protection, or for her own peculiar benefit, or by conveyance with the required formalities, and given a remedy *in rem* against that. But she had no general capacity to contract, or bind herself personally for her husband's debts, whether pre-existing or contracted at the time. The benefit to herself must be something special, and not the incidental advantages which every wife may be supposed to derive from money or property lent or sold to the husband.

**2. Mortgage lien not enforceable at law.**   In a suit at law upon the debt, no advantage can be claimed from the mortgage lien. That can only be made available by procedure in equity. The creditor has his option, but if he proceeds at law he must rest upon the *contract* as distinct from the right *in rem*. The same may be said of the writ of execution. The plaintiff could not avail himself of a mortgage lien, if the judgment gave him none, to draw within the reach of an execution at law, an equity of redemption in lands of which he was the mortgagee, when the lands themselves would not have been subject to the execution if no mortgage had been made. In short, the mortgage in this case, as a defense to this bill, can not be used to cure or justify any proceeding at law, otherwise unauthorized. It may be wholly disregarded until the holder seeks possession under it by ejectment or *in pais*, or applies to a court of equity for its foreclosure, or the protection of some right under it. It is distinct from the contract of indebtedness, of which alone, in a suit to enforce it, a court of law could take cognizance.

**3. MARRIED WOMAN: Default judgment against, good.**   It is plain, then, that the contract being, as to Mrs. Chollar, absolutely void, no judgment could have been rendered against her, if she had appeared and set up her

coverture; and, of course, no execution. But it does not follow, as counsel seem to urge, that the judgment itself is therefore void, if rendered by default, and remaining undisturbed by any appellate proceedings. The matter is not jurisdictional, for Circuit Courts may always by service obtain jurisdiction of the persons of married women; and always could in some, and may now in many cases, render judgments against them jointly with their husbands. If it be an improper case, as this certainly was, it should have been shown, or the judgment would not even be erroneous, the error not appearing of record. "If," says Mr. Chitty (*Pleadings, p. 59*), "a *femme covert* be sued upon her supposed contract, made during coverture, she may, in general, plead the coverture in bar, or give it in evidence under the general issue, or under *non est factum*, in the case of a deed." And one or the other she should do, especially when her coverture, as in this case, did not appear from the note, complaint, writ, return, or in any other manner. Upon this point the judgment is unimpeachable. Upon another it is erroneous, but not invalid until reversed. The terrible rate of interest should not have been compounded on the judgment. That should have been a rate not exceeding ten per cent. Yet none of the defendants, all of whom had due notice of the suit, saw fit to appeal, or take any steps for its correction, and it can not be collaterally impeached; nor can its consequences be arrested by the interposition of chancery, without proof of fraud or mistake. The interlocutory injunction was improvidently ordered, since it is provided by statute that "whenever a judgment shall have been recovered against a married woman, the same may be enforced by execution against her sole and separate estate, or property, to the same extent, and in the same manner, as if she were sole." *Gantt's Digest, section 4198.*

4 Excessive interest on judgment not impeachable col at-erally.

Chollar et al. v. Temple et al.

5. Surety giving mortgage for the debt    The supplemental bill, with the evidence, presents other equities, entitled to graver consideration. The parties executing the note stood in very near relations to each other. Rogers and Mrs. Chollar were brother and sister. They both executed the note, and she gave the mortgage for the accommodation of her husband. They, neither of them, received any benefit from the loan. She can not be considered as having abandoned any advantage as a co-surety, by executing a mortgage, for the further satisfaction of the lender, nor can Rogers equitably claim that she thereby assumed to sustain the whole burden of the debt in case of her husband's failure. She simply fortified her credit, and still stands on equal grounds with Rogers, as co-surety. By well-established principles, either, upon paying the debt, would be entitled to complete exoneration as against the principal; but, as between themselves, to fair contribution only. The latter right has fallen to Rogers; but, by taking an assignment of the paid debt, or judgment, and suing out a *venditioni exponas*, he has attempted as against his co-surety to enforce the right of entire exoneration. Obviously, this would be inequitable.

Status as to co-surety: Contribution.

Contribution is a right which requires adjustment, in some appropriate proceeding. In case of exoneration, it is fixed by the amount of the judgment. The same rules can not in all respects apply to both, nor can the right to contribution be efficiently administered in legal proceedings.

Upon payment of the debt by Rogers, it was, *at law*, extinguished, and there was nothing to transfer; no judgment to support the *ven. ex.* In the absence of statutory proceedings, it is only *in equity* that the rights and remedies of the creditor will be kept alive to serve the purposes of subrogation, for administering the equities of contribution on exoneration. We have no statute appli-

cable to a case like this, in favor of one surety against another; and even if it were allowable in practice to use a judgment on former levy for purposes of contribution, the proceeding in this case would not be allowable, inasmuch as the *venditioni exponas* is for the whole.

In a New York case (*Cuyler et al. v. Ensworth, 6 Paige Ch., 32*), Chancellor WALWORTH seems to approve the practice of issuing an execution at law upon a judgment, for the purpose of enforcing contribution against one surety, where it has been paid by others. It will be observed, however, in that case, that the question arose collaterally on a creditor's bill, and the real point decided, was the equitable doctrine that a court of chancery would keep alive a paid judgment for purposes of subrogation. It is further observable that the execution which was followed by the creditor's bill was only for a rateable portion of the debt. The Chancellor notices it as of consequence, too, that it did not appear the judgment was paid before the execution, and decided the chancery suit then pending expressly upon the *substantial rights* of parties, without reference to matters of form. The opinion seems slightly apologetic.

The practice, however, is obviously improper in cases of contribution, and has been so held in several States. The cases of *McDaniel et al. v. Lee, 37 Mo., 204*, and *Hall v. Sherwood, 59 ib., 173*, are directly in point. A sale under such an improper use of an execution should have been enjoined, or set aside. It would have been in the discretion of the Chancellor to impose upon complainants the costs of the suit, up to the time of filing the supplemental bill.

What the rights of Rogers may be for subrogation to the mortgage, or the judgment-lien, if any, on a bill for contribution, it is unnecessary to determine, and improper to indicate any further than as they may spring from the principles announced.

The Chancellor erred in refusing to set aside the sale, and grant the injunction.

Reverse, and remand for further proceedings, without prejudice to the rights of Rogers to file a bill for contribution and subrogation to the securities held by the creditor, at the time of the pay