## PROBERT v. McDONALD, Sheriff.

1. Where the apparent owner of a piece of real estate upon which the sheriff has levied an execution to satisfy a judgment against the apparent owner's grantor brings an action against the sheriff to restrain such sale, and the sheriff answers, justifying his levy and threatened sale on the ground that the conveyance from plaintiff's grantor to plaintiff was void, because made with intent to delay and defraud creditors, the allegations of the answer charging such fraudulent intent are to be tested, as to sufficiency, by the same rules as similar allegations would be in a complaint in an action to set aside such conveyance on the same ground.

2. In such complaint, or such answer, the allegation that such conveyance

was made with intent to delay and defraud the grantor's creditors is sufficient, for it specifically avers the ultimate fact which, under the statute, makes such conveyance void.

3. In such case the answer need not allege that the grantor and judgment debtor had no other property from which the judgment might be satisfied. Such allegation might be necessary to justify a creditor in first invoking the equitable powers of a court, on the ground that a court of equity will not take jurisdiction of a controversy if the parties have an adequate remedy at law, but where the equitable powers of the court are already set in motion by the plaintiff, and the court has taken jurisdiction of the controversy, the case comes within the spirit of the rule that, when the equity powers of the court have been once brought into action, the active jurisdiction of the court will be continued "until full justice has been done between the parties.

4. In this case the evidence examined and held to support the judgment of the trial court.

(Syllabus by the Court.   Opinion filed February 10, 1892.)

Appeal from circuit court, Jerauld county. Hon. D. HANEY, Judge.

Action to enjoin sale of real estate.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*T. H. Null*, for appellant.

An answer is not to be treated as a cross-bill or creditor's bill. Lawrence v. Bank, 35 N. Y. 320. In charging fraud, specific facts must be alleged showing in what the fraud consists. Bliss Code Pl. 2:1-389; Kerr Fraud & Mis. 365; Hysham v. Dunn, 5 Ark. 395; Bell v. Lamphrey, 52 N. H. 46: Darnell v. Rowland, 36 Ind. 346; Kent v. Snyder, 30 Cal. 666; Hopkins v. Woodward, 75 Ill. 62; Pendleton v. Galloway, 9 Ohio, 178; Spence v. Bruen, 3 Ala. 231; Smiths Adam v. Wood, 7 Atl. 881; Okenden v. Burner, 43 Ia. 619; Kinder v. Macey, 7 Cal. 206; Harris v. Taylor, 15 Cal. 348; Meeker v. Harris, 19 Cal. 279; Clodfelter v. Hulett, 72 Ind. 137.

The burden of proving the fraud is on the party alleging it. Kipp v. Lamoreaux, 45 N. W. 1002; Prichard v. Hopkins, 52 Ia. 120; Brown v. Dean, 52 Mich. 267; Adams v. Ryan, 61 Ia. 733; Bradford v. Bradford, 60 Ia. 201; Lavascor v. Washburne, 50 Wis. 200; Darling v. Hurst, 39 Mich. 765. The deed

is *prima facie* evidence of title and there is no presumption of fraud in regard to it. Hayes v. Thomas, 1 Black, 80; Steward v. Thomas, 15 Gray, 171; Solomon v. Orsen, 5 Duer, 511; Carpenter v. Freeland, H. & D. Sup. 37; Gay v. Bidwell, 7 Mich. 519; Rebert v. Morris, 27 Mich. 306; Loomis v. Smith, 37 Mich. 595; Jordon v. White, 38 Mich. 253; Beglan v. Benedict, 70 N. Y. 202; Matthews v. Coe, 70 Id. 239; Pidcock v. Vorhis, 42 N. W. 646; Kaiser v. Weigley, 22 Penn. 179; Fifield v. Goston, 12 Ia. 218. Mere suspicion, leading to no certain results, is not sufficient to render the transfer invalid. Bump, Fraud. Conv. 584; Parkhurst v. McGraw, 24 Miss. 134; Blaw v. Gage, 44 Ill. 208; Wadingham v. Toker, 44 Mo. 132; Bartlett v. Blake, 37 Me. 124; Belk v. Massy, 11 Rich. 614; Roberts v. Guerncey, 3 Grant, 237; Phettiplacy v. Sayles, 4 Mason, 312; Hall v. Saloon, 4 Drew, 492; Thompson v. Sanders, 6 J. J. Marsh, 94; Glenn v. Grover, 3 Ind. 212; Farington v. Ramsey, 2 Douglas, 176; White v. Trotter, 21 Miss. 30; Hoose v. Robbins, 18 La. An. 648; King v. Moon, 42 Mo. 551; Waterman v. Donaldson, 43 Ill. 29; Jaeger v. Kelley, 52 N. T. 174.

Fraud is never imputed when the circumstances are consistent with honesty and purity of intention. Stiles v. Lightfoot, 26 Ala. 443; Lyman v. Cessford, 14 Iowa, 229; Dallam v. Renshaw, 26 Mo. 533; Schofield v. Blind, 33 Ia. 175; Rumbalds v. Parr, 51 Mo. 592; Page v. Dixon, 59 Mo. 43; Drummond v. Conn. 39 Ia. 442; Burleigh v. White, 64 Me. 23; Hatch v. Bagley, 66 Mass. 27; Miller v. Beadle, 65 Mich. 643; Mey v. Gulliman, 103 Ill. 172.

In case of a preference, intention to defeat execution or pendency of another creditor's suit, is immaterial. Ingham v. Wheeler, 6 Conn. 277; Dudley v. Danforth, 61 N. Y. 626; Bostwick v. Burnett, 74 N. Y. 317; Gray v. McAllister, 50 Ia. 497; Bump, Fraud. Conv. 350-351; Kuykendall v. McDonald, 15 Mo. 416; Murray v. Cason, Id. 515; State v. Benoist, 37 Id. 500; Potter v. McDonald, 31 Id. 74; Shelley v. Booth, 73 Id. 74; 39 Am. 481.

The fact that the preferred creditor had knowledge of the

debtor's fraudulent intent is not sufficient. Iglehart v. Willis, 58 Lex. 306; Hodges v. Coleman, 76 Ala. 103; Kolin v. Clement, 58 Ia. 589; Sexton v. Anderson, 8 S. W. 564; Bank v. Carter, 38 Pa. St. 446; Maiburg v. Brooks, 7 Wheat. 556; Id. v. Id., 11 Wheat. 781; Thompkins v. Wheeler, 16 Pet. 118; Dana v. Stanford, 10 Cal. 278; Ross v. Sedwick, 69 Cal. 247; Wheaton v. Nelville, 19 Cal. 46; Coranhovan v. Hunt, 21 Pa. St. 495; Carter v. Coleman, 84 Ala. 356; Shelley v. Bothe, 73 Mo. 74; Beurman v. Van Buren, 44 Mich. 496; Loomis v. Smith, 37 Id. 595; Bank v. Chapell, 40 Id. 447; Dudley v. Danforth, 61 N. Y. 626.

If the debtor was indebted to the grantee, all the suspicious circumstances go for nothing. Hill v. Bowman, 35 Mich. 191; Jordan v. White, 38 Mich. 253; Rahl v. Phillips, 48 N. Y. 125; Hobbs v. Davis, 50 Geo. 213.

*O. F. Woodruff, (A. Gunderson, Associate,)* for respondent.

If the grantee knows that the object of the grantor is to defraud creditors, or knows of facts sufficient to excite the suspicion of a prudent man, the deed is void though he gives a full consideration therefor. Bank v. Douglas, 11 S. & M. 545; Edgell v. Lowell, 4 Vt. 405; Wakeman v. Grover, 4 Paige, 23; Bartles v. Gibson, 17 Fed. 293; Atwood v. Impson, 20 N. J. Eq. 156; Baker v. Bliss, 39 N. Y. 70; Avery v. Johnson, 27 Wis. 251; David v. Birchard, 53 Wis. 592; Hopkins v. Langdon, 30 Wis. 381; Kerr on Fraud, 236; Morse v. Williamson, 15 Atl. 587; Jackson v. Mather, 7 Cowen, 301; U. S. v. Houghton, 14 Fed. 545; Jones v. Powels, 3 M. & Keene, 581; Rockport Co. v. Mastin, 39 N. W. 219; Gallober v. Martin, 6 Pac. 267; Nichols v. Nichols, 18 Atl. 143. If a part of the consideration is nominal or colorable, contrived to hinder, delay or defraud creditors, the whole transfer is void. Bump, F. Conv., 476; Marriott v. Givens, 8 Ala. 649; Tatone v. Hunter, 14 Ala. 557; McKenty v. Gladwin, 10 Cal. 227; Scales v. Scott, 13 Cal. 76; Mead v. Combs, 19 N. J. Eq. 112.

Where testimony has been given tending to establish a combination to defraud creditors, the declarations of either party, though not made in the presence of each other, are proper evi-

dence as affecting both.   Lowe v. Darlymple, 12 Atl. 567;  First
Greenleaf on Evi., § 111;  Commonwealth v. Tivnon, 8 Gray,
375;  Cuyler v. McCartney, 40 N. Y. 245;  Marsh v. Davis, 24
Vt. 363;  Roebke v. Andrews, 26 Wis. 311;  Mead v. Black, 22
Wis. 232;  Morrill v. Titcomb, 8 Allen, 100;  Duffey v. Presby-
terian, 48 Pa. St. 51;  Brinks v. Heise, 84 Pa. St. 246;  Lowe v.
Dalrymple, 12 Atl. 67;  Abend v. Mueller, 11 Bradwell, 257.

A mortgage void in part as a violation of the statute, is
void altogether.   Russell v. Winne, 37 N. Y. 591;  Goodhue v.
Berrien, 2 Souf. Ch. 702;  Darwin v. Handley, 3 Yerg. 502;
Shurtlef v. Willard, 36 Mass. 202;  Chase v. Walker, 26 Me.
555;  Green v. Tantien, 19 N. J. Eq. 105;  Schmidt v. Opir, 33
N. J. Eq. 138;  Holt v. Cramer, 34 N. J. Eq. 181.

A demurrer to an answer reaches a complaint that does
not show facts that constitute a cause of action.   Bliss Code
Pl. § 417;  1 Chitty's Pl. 668;  Martin v. McDonald, 143 Mon.
548;  Stratton v. Allen, 7 Minn. 502;  Lockwood v. Bigelow, 11
Minn. 113;  Trott v. Sarchett, 10 O. St. 241;  Ferson v. Drew,
19 Wis. 225;  Hower v. Aultman, 42 N. W. 1039.

A bill to restrain a sheriff from selling under execution,
land claimed by a third party, cannot be maintained without
showing some special ground of equitable jurisdiction.   Daives
v. Taylor, 35 N. J. Eq. 40;  Ency. Law, 894;  Sheldon v. Stokes,
34 N. J. Eq. 87.   The simple fact that such sale would embar-
rass and injure plaintiff, furnishes no ground for relief.   Am.
& Eng. Ency. Law, p. 812;  Montgomery v. McEwen, 9 Minn.
103;  Foster v. Reynolds, 38 Mo. 553.

In an appellate court every reasonable intendment and pre-
sumption will be made to sustain the action of the court below.
Pollard v. Fidelity, 47 N. W. 1060;  Myers v. Mitchell, 46 N.
W. 245.

The conclusions of law found by the court below were
proper.   Bank v. Comfort, 28 N. W. 855;  Newell v. Wagness,
44 N. W. 1014;  Gaar v. Hart, 42 N. W. 451;  White v. Woodruff,
41 N. W. 785.

An officer's acts will be presumed to be legal until other-
wise shown.   Eastman's Dig. 307;  2 Hill on Torts, 206;  2 Abb.

Dig. 615 and 601; Drake on Attachments,  § 209; 11 Cal. 238; 8 Me. 408; 11 Barb. 520; 31 Me. 546; 14 Mass. 404.

KELLAM, P. J.  In this case the following facts seem to be undisputed:  On and before September 12, 1889, one E. B. Orr was the owner of a lot in Wessington Springs, S. D.  On that day he conveyed the same by warranty deed to appellant, the consideration named in the deed being $550.  Prior to this, and on the 20th day of August, one Woodburn had sued out a warrant of attachment in an action against Orr, and had levied it upon this lot and livery barn thereon.  On the 12th day of September the attachment was dissolved, and thereafter, on the same day, Orr deeded the property as above stated, to appellant, Probert.  October 24th, Woodburn obtained judgment against Orr, upon which execution was issued and levied upon this lot October 31st.  It was advertised for sale by respondent, who was the sheriff of Jerauld county, wherein such property was situated.  This action was brought by appellant against respondent, as sheriff, to perpetually enjoin such sale. The respondent resists, principally on the ground that the conveyance from Orr to appellant, Probert, was void, because made with intent to defraud his creditor Woodburn.  The allegation of the answer in this respect was general:  That said transfer was made by Orr with intent to defraud his creditors, and especially to defraud his creditor Woodburn, and that appellant, Probert, well knew the motive, and was a party to it, and that the transfer was without consideration.  The court found for defendant, and adjudged the conveyance void as against the Woodburn judgment, denying plaintiff the injunction which he sought.  From this judgment plaintiff appeals. At the opening of the trial the plaintiff (appellant) objected to the introduction of any evidence under the answer, on the ground that it did not state facts constituting a defense, and the overruling of this objection is the first error assigned. Appellant contends that the answer is insufficient, in that it states no facts which tend to show or which would support an inference of fraud, and that it was also insufficient in not alleging that Orr, the grantor and judgment debtor, had no other prop-

erty subject to execution, thus making it necessary to proceed against this lot to collect the judgment.

Upon whom rests the burden of proof under the pleadings in this case is not before us, as the parties have affirmatively agreed that it is with the defendant; and it is probobly true, as claimed by appellant, that the sufficiency of the answer as to the allegation of the intent with which the conveyance was made must be tested by the same rule which would determine the sufficiency of a similar allegation in a complaint. Bliss, Code Pl. § 339, and cases cited. The first question, then, would seem to be, is the allegation that Orr made the transfer with intent to defraud his creditors, and that appellant well knew of his intent, and was a party to the same, sufficient to let in proof of such alleged fraudulent intent? We think the books afford more judicial expressions against than in favor of the sufficiency of such an allegation. Wait, Fraud. Conv. § 141, says: "A mere general averment that a deed was fraudulent, or that it was made with intent to hinder, delay, or defraud creditors, has been regarded as an insufficient method of pleading," and from states having statutes similar to ours sufficient authority may be cited to justify the text; but we are unable to see how, under the statute referred to, a fuller or more elaborate allegation of the fraudulent intent, or how it is to be made to appear, can be required, where the object of the pleading is to put a case within the terms and under the protection of such statute. Section 4656, Comp. Laws, is as follows: "Every transfer of property * * * made with intent to delay or defraud any creditor * * * of his demands is void," etc. This is followed by Section 4659, which says: "In all cases arising * * * under the provisions of this title, * * * the question of fraudulent intent is one of fact, and not of law, etc. The statute declares that in such case the intent is not a conclusion of law, but a matter of fact. If it were a conclusion of law, it could not be so pleaded; but where the statute definitely fixes its character as a fact, it may be pleaded as a fact. Fraud itself is not a fact, and is never so defined, and so, in pleading fraud, it is not sufficient to plead it by name, simply,

or to allege against a party that he committed fraud, but the facts and circumstances must be pleaded from which fraud, as a conclusion or judgment, would be inferred. The statute says that if a conveyance be made, and there exist, in connection with the making of such conveyance, a certain fact, towit, an intent to delay or defraud creditors, such conveyance is void. Now a complaint or an answer that alleges just these facts to exist meets all the requirements and conditions of the statute. While the fraudulent intent is usually proved by suggestive facts and circumstances leading to the ultimate fact of intent, it is not necessarily so. It may, in most of the states, be proved directly, as any other fact. The grantor himself may answer as to his intent. Seymour v. Wilson, 14 N. Y. 567; Campbell v. Holland, (Neb.) 35 N. W. Rep. 871; Gardom v. Woodward, (Kan.) 25 Pac. Rep. 199; Thacher v. Phinney, 7 Allen, 146; Frost v. Rosecrans, 66 Iowa, 405, 23 N. W. Rep. 895. In Sweeney v. Conley, 71 Tex. 543, 9 S. W. Rep. 548, it is held otherwise, however, and the reason given is significant in this discussion. The court says: "It has been held repeatedly by this court that the sellor or grantor in a transaction alleged to be fraudulent will not be permitted to testify that he made the sale or conveyance in good faith, or that he did not intend to defraud his creditors. The reason for the exclusion of such testimony is that the question of fraudulent intent, in such cases, is a mixed one of law and fact, and that to say that the intent was not fraudulent, or that the transaction was made in good faith, is to state a legal conclusion." The argument of this opinion plainly is that if the intent were simply a question of fact, and not one of mixed law and fact, it might be testified to as a fact; but with us, the controlling law peremptorily fixes it as a fact, and nothing else, and under such a rule it should be treated as a fact, both in evidence and in pleading. It would be difficult to give any good reason why; in such case, a party should be required to plead more than he is required to prove, but suppose in an action to avoid a conveyance because made with such fraudulent intent, the only evidence upon the question of intent is that of the grantor and grantee themselves,

who testify that, in making the conveyance, they did intend to delay and defraud the grantor's creditors, may not the ptaintiff safely stop there? If a witness may testify directly to the existence or non-existence of such intent as a fact, may not a party plead it as a fact? Or suppose a complaint in such case allege that the conveyance was made, as in the words of the statute, with intent to defraud creditors, and the answer does not deny such allegation of intent, and so admits it, is not such allegation of fraudulent intent to be taken as true? But this would not be so if, as appellant contends, the intent were not thus well pleaded. The rule of the Code is that the complaint "must contain a statement of the facts constituting the cause of action,"—not evidentiary facts, but the ultimate facts; but the fact that which constitutes the cause of action is the fact which invalidates and destroys the conveyance, and that fact is, by the express words of the statute, "the intent to delay or defraud creditors." In these remarks we desire to distinguish between fraud itself, as a conclusion or inference, and an intent to defraud. The former cannot be said to be a fact, but is the judgment of the law upon a combination of both facts and intent; the latter is by statute made a fact only. A party charged in a pleading with having committed a fraud is entitled to be apprised of the character of the acts from which his fraud is to be inferred, so that he may prepare to defend himself; but when his conveyance is sought to be avoided upon the specific ground that, in making it, he intended to defraud his creditors, the only thing in issue is one single simple fact, to-wit, his intent. To plead more would be to plead the evidence. In Scythe Co. v. Foster, 36 N. Y. 565, the court of appeals held a complaint insufficient because it did not directly aver that the transfer complained of was made with intent to hinder, delay, and defraud creditors, but, instead, did just what appellant claims should have been done in this case, towit, set out the details of the alleged fraudulent arrangement. The views we have expressed as to the sufficiency of such an allegation are fully supported in Durant v. Pierson, (Sup.) 8 N. Y. Supp. 904. That was action by a judgment creditor to set aside an assignment

as fraudulent. The complaint alleged that it was made and accepted with intent to hinder, delay, and defraud creditors. The court held the complaint sufficient, saying: "The allegation that the assignment was made and accepted with intent to hinder, etc., is a sufficient allegation to admit any evidence tending to prove such fraudulent intent on the part of the assignor and assignee. To state the facts on which plaintiff relies to establish this intent would be to set forth evidence.. The fraudulent intent is the fact." To the same effect is Bank v. Reed, (Com. Pl. N. Y.) 12 N. Y. Supp. 920.

It is also claimed that the answer is insufficient because it does not show that the debtor, Orr, had no other property from which the Woodburn judgment might be satisfied. In a creditor's action to set aside a conveyance as fraudulent, it is generally, though not always, held that this fact must appear, to justify calling into active exercise the equitable powers of the court, it being a general rule that a court of equity will not take jurisdiction of a controversy if the parties have an adequate remedy at law; but this proceeding is not instituted by the creditor, nor in his interest. He is not trying to get into a court of equity, nor invoking its assistance. He and the controversy are carried there by appellant, He is there, so far as this proceeding is concerned, against his will, resisting the affirmative demand of appellant by showing reasons why it should not be granted. Under the statute the nullity of the conveyance results from the fraudulent intent with which it is made, and not from the fact that the grantor had no other property with which to pay his debts. The latter fact simply lets the complaining party into a court of equity to prove the first, which is the invalidating fact, and constitutes the real cause of action. Such allegation is necessary, not to give a court of equity jurisdiction over the question, but to justify its exercise. Its jurisdiction over and power to adjudicate upon such a controversy grows out of the very nature of the alleged grievance, and the character of the relief sought; but if the law affords an entirely adequate remedy, though different in form, equity declines to set its jurisdiction in motion. In such case it declines

to open its doors to a litigant who does not present the excuse that his legal remedy is insufficient and inadequate; but in this case the equitable power of the court had already taken hold of this controversy at the instigation of the appellant. We think, therefore, there was no error in the trial court entertaining the matter set up in the answer as a defense to appellant's cause of action, without the specific allegation that Orr had no other property from which to satisfy the creditor's judgment, the case coming within the spirit of the rule that when the equity powers of the court have been once brought into action its active jurisdiction will be continued "until full justice has been done between the parties." McDaniels v. Lee, 37 Mo. 204; Pool v. Docker, 92 Ill. 501; Barnes v. Dow, 59 Vt. 530, 10 Atl. Rep. 258.

Holding, then, that the pleadings were sufficient to present for trial the question of the intent with which the conveyance from Orr to the appellant was made, it only remains to consider the effect of the evidence. The following facts plainly appear: Orr, appellant's grantor, was, at the time of the alleged transfer, and had been, for more than a year, insolvent; that shortly before the conveyance was made the property had been attached by Woodburn; that Orr was then trying to sell to Price, who, finding that Woodburn had filed *lis pendens* declined to negotiate further. Orr then declared his intention "to beat Woodburn," if it cost "all the barn was worth." On motion the attachment was dissolved on the 12th day of September, and on the same day Orr conveyed to appellant. No money was paid, · but the consideration, as claimed by appellant on the trial, was an indebtedness by Orr to appellant, and the unsecured notes of appellant for the balance, amounting to $250; that appellant owned between $400 and $500 worth of personal property, and nothing else. Appellant testified in detail as to Orr's indebtedness to him. Several witnesses were examined as to appellant's reputation for truth and veracity. Their answers to the main question were uniform and did not leave his statements entirely free from the oder of doubt. Appellant says he knew, when he took the deed, that Woodburn was trying to enforce collec-

tion of his debt against Orr, and that there had been an attachment on this property. One witness testified that appellant told him that Woodburn was trying to take advantage of Orr, and that "he stepped in for the purpose of helping him out." Orr, whose deed was being challenged because made with intent to defraud, was present during the trial, counseling with and advising appellant's attorney. His testimony might have thrown much light on the character of the transaction, the intent with which the conveyance was made, and the true consideration for it. He knew all about the very matters in dispute, but he was not sworn. The presumption is not favorable. Smith v. Tosini, (S. D.) 48 N. W. Rep. 299, and cases there cited. We think the judgment of the trial court was right, and it is affirmed. All the judges concurring.