### HOPF v. UNITED STATES BAKING CO.

(Superior Court of Buffalo, Special Term.   November 21, 1892.)

1. PLEADING—AMENDMENT.
    Under Code Civil Proc. § 723, relating to amendments, a complaint by a father to recover for wrongfully harboring his son, and depriving plaintiff of his services, may, in the discretion of the court, be amended after a verdict for plaintiff has been set aside and a new trial granted, so as to set up a claim for wages earned by the son from defendant.

2. SAME—IMPOSING CONDITIONS.
    In such case, the fault being with the plaintiff, he should be compelled, as a condition of his right to amend, to pay defendant's attorneys a trial fee and $10 costs for opposing the motion to amend.

Action by Christian Hopf against the United States Baking Company.   A verdict for plaintiff was set aside, and a new trial granted, and plaintiff now moves for leave to amend his complaint.   Motion granted on conditions.

Brown & Sells, for plaintiff.

Marshall, Clinton & Wilson, for defendant.

A complaint stating a cause of action sounding in tort cannot be amended so as to substitute a cause of action sounding in contract.   Andrews v. Bond, 16 Barb. 633; Walter v. Bennett, 16 N. Y. 250; Matthews v. Cady, 61 N. Y. 651; Neudecker v. Kohlberg, 81 N. Y. 296; Cumber v. Schoenfeld, (Com. Pl. N. Y.) 12 N. Y. Supp. 282; Willis v. Morse, (Sup.) 7 N. Y. Supp. 304.

TITUS, C. J. This is a motion by the plaintiff for leave to amend his complaint. The plaintiff alleges in his original complaint that the defendant, against the command of the plaintiff, wrongfully harbored his son, and deprived him of his services. On the trial it appeared that the plaintiff's son, who was a minor, engaged to work for defendant at a stipulated price per week; that the plaintiff, his father, had knowledge of such employment, and sanctioned it, and demanded the boy's wages of the defendant. The case was tried, and submitted to the jury, and a verdict of $85, which represented the wages earned by the boy, was given in favor of the plaintiff. On a motion for a new trial upon the minutes the court set aside the verdict, and ordered a new trial, on the ground, as appears from the opinion of Judge Hatch, that the father could not maintain an action for harboring his son after having acquiesced in his employment, and that the plaintiff's remedy was by an action for the boy's services. The plaintiff now asks to amend his complaint by abandoning the claim for wrongfully harboring his son, and simply claiming the amount of wages earned by him at the rate of $7.50 a week.

It is not questioned that under section 723 of the Code of Civil Procedure the court has power to allow an amendment in a proper case, but it is claimed that the amendment which changes the nature of the action from one of tort to contract is not authorized, and cannot be made. The question of the power of the court to grant amendments under sections 172, 173, of the old Code, and under similar provisions of the new Code, has been passed upon many times, and numerous cases may be found; but it is necessary to refer to but one or two, which seem to be in point, and decisive of the question here raised.

In Brown v. Leigh, 49 N. Y. 78, the plaintiff, in his complaint, claimed the fee of certain premises, alleging the possession in himself, and that the defendant unjustly claimed an estate in the premises, and asked for relief that he be debarred of all claim in the land. After the defendant had answered, denying the allegations in the complaint, the plaintiff served an amended complaint, simply alleging that he was the owner of the land, and that the defendant was in the wrongful possession, and demanded judgment for the recovery of the premises, and damages for withholding. The court held that a party may amend by abandoning his former cause of action, and set up such a cause of action as he could have done in the original complaint. Judge Grover, in writing the opinion of the court, says:

"The plaintiff cannot, in an amended complaint, add a cause of action belonging to a different class from those in the original, retaining the latter. This would make the complaint demurrable under section 144; * * * but, when the causes of action in the original complaint are abandoned, this reason no longer applies, it being requisite only that the causes of action in the amended complaint should all belong to the same class; there is no other reason for restricting the causes that may be added."

This is clearly the highest authority for holding that, while a party may not by amendment join causes of action belonging to the different classes specified in the Code, yet he may amend by changing his cause of action from one class to another, namely, from one of tort to one on

contract.   In a more recent case in the supreme court, (Eighmie v. Taylor, 39 Hun, 366,) where the facts were more nearly like the case under consideration, Justice Hardin, in writing the opinion of the court, reviews the authorities, and comes to the conclusion that it is within the discretion of the court at special term, and affirms an order allowing the plaintiff to make such an amendment.   The action was to recover for a breach of a verbal warranty made upon the sale of real property.   The court of appeals held that a recovery could not be had upon a verbal warranty, and reversed a judgment obtained in the court below.   The plaintiff then moved to amend his complaint by setting up false and fraudulent representations in the sale of the property.   The general term held that such an amendment was allowable under section 723 of the Code of Civil Procedure.   If the practice is correctly stated in that case, it is decisive of the question here.

The case of Andrews v. Bond, 16 Barb. 633, cited by the defendant in his brief, is not in point.   The plaintiff's counsel, in his argument at the general term, asked that the action might be regarded as an action to recover the avails of a note, as money had and received, and invoked the aid of the court to amend his complaint then and there, if necessary. The court, in answering the suggestions of counsel, said:

"The action is one sounding in tort. * * * and it is now too late for the plaintiff to attempt to change its character.   We cannot know what defense the defendant might have interposed had the action been founded upon assumpsit."

The court simply decided that the plaintiff's complaint could not be amended on the argument nunc pro tunc, and not that, if a proper application had been made to the special term, the complaint could not have been amended.   But, even if the case was authority for the defendant's contention, the doctrine has been overruled by the court of appeals in Brown v. Leigh, supra.

Neither does the case of Ross v. Mather, 51 N. Y. 108, nor Matthews v. Cady, 61 N. Y. 651, go to the extent claimed by the counsel for the defendant.   In the former case the plaintiff, by his complaint, charged fraud in the sale of a horse.   On the trial he proved a warranty, without making any proof of fraud, and the court held that he could not recover for a breach of warranty on a complaint charging the defendant with fraud.   In the latter case a similar question arose, and the court held that the action was one ex delicto, and could not be changed to one ex contractu.   No question arose in these cases as to the right of the plaintiff to amend his complaint, nor was the rule laid down in Brown v. Leigh in any way disturbed.

I do not think the other cases cited by the defendant touch the question now being considered.   They hold that when the claim is in tort the recovery must be in tort, and when the claim is on contract the recovery must be on contract; and do not involve or decide the question of the right of a party to have his complaint amended from an allegation of fraud to one on contract.   When the question was first presented to me, I was impressed with the suggestion that the plaintiff could not amend, and that the cases went to the extent claimed by the defendant's

counsel; but, on an examination, I am satisfied that my first impression was wrong, and that the rule is as stated above, and that the special term may, in furtherance of justice, permit the plaintiff to amend his complaint in the particulars asked for. The order, however, must be upon terms. The fault is with the plaintiff. He is asking the court to exercise its discretion in his favor. A trial has been had, expense has been incurred, for which the defendant should be indemnified. An order may therefore be entered allowing the plaintiff to serve the amended complaint, on paying to the defendant's attorneys $30 trial fee and $10 for opposing this motion, payment to be made within 20 days; otherwise the motion is denied, with $10 costs.